United States District Court
Southern District of Texas
**ENTERED**
December 05, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-22-400 |
| v. | § | |
| | § | CIVIL ACTION NO. 4:23-cv-4383 |
| CHRISTOPHER RUSSELL BENTLEY | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant Christopher Russell Bentley's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 44.)

Having considered the motion, the record, and the applicable law, the Court **DENIES** the motion and **DISMISSES** defendant's habeas claims for the reasons shown below.

## I. BACKGROUND AND CLAIMS

On November 21, 2022, defendant pleaded guilty without a written plea agreement to one count of wire fraud. The Court sentenced him to a below-guidelines sixty-month term of imprisonment on February 23, 2023, and ordered payment of restitution to forty-nine parties in an amount of nearly $15 million. No direct appeal was taken.

On November 16, 2023, defendant filed the pending motion under section 2255, claiming that trial counsel was ineffective in failing to:

1. review the discovery with him or take time to "understand my case, the financial calculations, or any of the extraordinary circumstances including the nature of my crime and the intent behind doing what I did";

2. negotiate a favorable "plea deal";

3.    prepare him for the presentencing interview or revise the PSR to reflect "the extraordinary circumstances of my crime [or] explain the intent";

4.    prepare him for sentencing, call "supporters who wanted to speak on my behalf," or show the court "that I had victims in my corner supporting me";

5.    "take time to understand the extraordinary nature of my case and the complex financial calculations involved";

6.    request that he be allowed to self-surrender or warn him against self-surrendering to FDC Houston; and

7.    request financial judgment payment stipulations, leaving him afraid to use his commissary account for fear that monetary gifts from his family for buying hygiene would be confiscated to pay restitution.

Defendant does not claim that his guilty plea was involuntary or unknowing, nor does he request that his conviction be vacated or set aside.

As judicial relief, defendant asks that his sentence be reduced from sixty months to twelve months as he originally requested through counsel, and that specific restitution payments be ordered in lieu of allowing the Bureau of Prisons ("BOP") to calculate the payments. (Docket Entry No. 44, p. 15.)

## II.  LEGAL STANDARDS

A.    <u>Section 2255</u>

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255:  (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the

2

district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The pleadings of a *pro se* prisoner are reviewed under a less stringent standard than those drafted by an attorney, and are provided a liberal construction. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

B.     Effective Assistance of Counsel

The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396

(1985). To successfully state a claim of ineffective assistance of counsel, a prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally sufficient. *Id.* at 696.

In determining whether counsel's performance was deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Id.* at 689. To establish prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Id.* at 695–96.

Moreover, "[t]he likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Conclusory allegations of deficient performance and prejudice

4

are not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

The United States Court of Appeals for the Fifth Circuit has held that because a guilty plea necessarily "admits all the elements of a formal criminal charge," a guilty plea "waives all non-jurisdictional defects in the proceedings against a defendant." *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

In context of ineffective assistance of counsel at sentencing, prejudice under *Strickland* means that a defendant must demonstrate that, but for counsel's error, his sentence would have been significantly less harsh. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).

## III. ANALYSIS

### A.  Discovery Review

In his first claim for habeas relief, defendant argues that trial counsel failed to review the discovery with him, explain how the discovery affected his case, or take time to "understand my case, the financial calculations, or any of the extraordinary circumstances including the nature of my crime and the intent behind doing what I did." (Docket Entry No.

5

44, p. 13.)   Defendant does not explain any financial calculations, extraordinary circumstances, or intent that counsel purportedly failed to understand, nor does he provide any information regarding discovery that counsel allegedly failed to review with him.

Defendant's guilty plea waived this argument. The Fifth Circuit Court of Appeals has repeatedly held that a guilty plea waives all non-jurisdictional defects in the proceedings, including all ineffective assistance of counsel claims except when the ineffectiveness is alleged to have rendered the guilty plea involuntary. *See United States v. Palacios*, 928 F.3d 450, 455 (5th Cir. 2019); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983).   Defendant's claim against counsel is neither a "jurisdictional defect in the proceedings" nor an ineffective assistance claim related to the voluntariness of his guilty plea.   A guilty plea waives pre-plea ineffective assistance of counsel unless the movant can show that he would not have pleaded guilty but for counsel's deficient performance and that he would have insisted on going to trial. *Hill*, 474 U.S. at 59 (1985); *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). Defendant does not meet this burden of proof.

Defendant's first habeas claim was waived by his guilty plea and is **DISMISSED**.

B.     Plea Agreement

Defendant next complains that counsel failed to negotiate a plea deal, "even after I brought to her attention the new DOJ policy . . . promising leniency to white collar offenders who come forward and report their own wrongdoing." *Id.* Defendant acknowledges in his motion that counsel presented him with a proposed plea agreement from the Government,

6

which defendant did not accept. Defendant faults counsel for not attempting further plea negotiations and failing to obtain a satisfactory plea agreement.

Defendant elected to plead guilty without a plea agreement, and his guilty plea waived this claim. The Fifth Circuit Court of Appeals has repeatedly held that a guilty plea waives all non-jurisdictional defects in the proceedings, including all ineffective assistance of counsel claims except when the ineffectiveness is alleged to have rendered the guilty plea involuntary. *See United States v. Palacios*, 928 F.3d 450, 455 (5th Cir. 2019); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Defendant's claims against counsel for failing to pursue additional plea negotiations or to obtain a satisfactory plea agreement are neither jurisdictional defects in the proceedings nor ineffective assistance claims related to the voluntariness of his guilty plea. A guilty plea waives pre-plea ineffective assistance of counsel unless the movant can show that he would not have pleaded guilty but for counsel's deficient performance and that he would have insisted on going to trial. *Hill*, 474 U.S. at 59 (1985); *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008). Defendant again does not meet, or even attempt to meet, this burden of proof.

Moreover, defendant fails to show that further plea negotiations would have culminated in a favorable plea agreement, and he establishes neither deficient performance nor prejudice under *Strickland*.

Defendant's second habeas claim is **DISMISSED**.

7

C.    <u>PSI/PSR</u>

Defendant next argues that trial counsel failed to prepare him for the presentencing interview or revise the PSR to reflect "the extraordinary circumstances of my crime [or] explain the intent." *Id.* He pleads no factual allegations as to any specific actions that counsel failed to undertake in preparing him for the interview or sentencing, nor does he delineate any extraordinary circumstances of his crime or explanations of his intent that counsel should have attempted to included in the PSR.

To the extent defendant complains that the PSR did not show that he came forward and reported his own wrongdoing, the PSR clearly indicates that defendant made voluntary disclosure of his offense to authorities prior to their discovery of the offense. (Docket Entry No. 24, ¶ 106.)  Indeed, counsel requested a below-guidelines sentence based, in part, on defendant's voluntary disclosure of the offense to law enforcement authorities.  (Docket Entry No. 29, p. 2.)   Moreover, counsel's objections to the PSR and sentencing recommendation set forth an extensive narrative of defendant's numerous military accomplishments and his business ventures, detailing various aspects of defendant's businesses and explaining how and why things began to devolve. *Id.*, pp. 5–9, 14–21.  The Court was well aware of these circumstances and reviewed all of the information submitted by defense counsel prior to sentencing.  The Court relied on the information provided by defense counsel in granting defendant's request for a sentencing variance, and the Court imposed a below-guidelines sentence.

8

Defendant's habeas claim is conclusory and unsupported in the record, and provides no basis for a finding of ineffective assistance in context of sentencing. Defendant does not demonstrate that, but for counsel's purported errors, his sentence would have been significantly less harsh.

Defendant fails to establish deficient performance and prejudice under *Strickland*, and his third habeas claim is **DISMISSED**.

D.   Sentencing

In his fourth habeas claim, defendant contends that counsel failed to prepare him for sentencing, guide him in preparing his allocution, call "supporters who wanted to speak on my behalf," or show the Court "that I had victims in my corner supporting me." *Id.*

Defendant's claim is conclusory and unsupported in the record, and provides no basis for a finding of ineffective assistance in context of sentencing. He fails to demonstrate how counsel failed to prepare him for sentencing or guide him in preparing his allocution, nor does he show how these alleged deficiencies resulted in *Strickland* prejudice. Moreover, counsel's objections to the PSR and sentencing recommendation contained several letters from family, friends, and community members who spoke highly of defendant and his numerous accomplishments. (Docket Entry No. 29, Exhibits.) Counsel submitted several additional support letters from other associates and colleagues of defendant prior to sentencing. (Docket Entries No. 33, 34.) The Court was aware of all of these materials and had carefully reviewed them prior to defendant's sentencing.

Defendant provides no information as to any uncalled or unacknowledged supporters who were present and willing to testify at sentencing. It is well established that "complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative." *Sayre v. Anderson*, 238 F.3d 631, 635–36 (5th Cir. 2001). Affidavits are generally needed to support an argument for witness testimony, and the proponent of such testimony must show not only that this testimony would have been favorable, but that the witness would have testified. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). Defendant further does not establish that the testimony of any uncalled witnesses, had they testified at sentencing, would have had a meaningful impact on his sentencing.

Defendant fails to establish deficient performance and prejudice under *Strickland*, and his fourth habeas claim is **DISMISSED**.

E.   <u>Sentencing Points</u>

Defendant next alleges that counsel failed to "take time to understand the extraordinary nature of my case and the complex financial calculations involved." (Docket Entry No. 44, p. 13.) He contends that, had counsel properly prepared for sentencing, he would have received "less sentencing points" because "the dollar amount of the fraudulent transactions and the actual losses was [*sic*] much lower than what I was being given points for." *Id.*

10

Defendant's claim is conclusory and unsupported in the record, and provides no basis for a finding of ineffective assistance in context of sentencing.  Defendant fails to demonstrate that counsel did not understand the "extraordinary nature" of his case or any "complex financial calculations," and fails to show how these alleged deficiencies resulted in *Strickland* prejudice.  More importantly, he fails to show that unexplained complex financial calculations, if presented to the Court, would have resulted in a significantly lower sentence than the sixty-month term of imprisonment imposed by the Court.

Defendant does not establish deficient performance and prejudice under *Strickland*, and his fifth habeas claim is **DISMISSED**.

F.    Self Surrender

In his sixth claim, defendant complains that "counsel didn't even ask for the ability to self-surrender at my hearing.  It was the probation officer who stood up and asked if I could self-surrender . . . . [Counsel] did not ask for a specific prison designation even though I had asked her several times to ask for FPC Bastrop.  She refused to do that.  Then, she did not advise me against self-surrendering to FDC Houston." He complains that, as a result, "I will end up serving at least two months longer . . . because I was unable to 'program' and earn First Step Act credits while I was incarcerated at FDC Houston." He argues that, had counsel advised him of this, he would not have self-surrendered and would have waited for the BOP to designate him. *Id*.

Defendant's allegations do not challenge the constitutionality of his conviction or sentence, and no viable claim for relief under section 2255 is raised. Regardless, a convicted prisoner enjoys no right to designate his place of incarceration, and the BOP would not have been bound by any request from counsel or recommendation from this Court that defendant be placed at FCI/FPC Bastrop. Defendant's assertions regarding his inability to earn First Step Act credits while incarcerated at FDC Houston are conclusory, unsupported in the record, and provide no basis for relief under section 2255.

Defendant fails to raise a viable habeas claim under section 2255 or establish deficient performance and prejudice under *Strickland*. His sixth habeas claim is **DISMISSED**.

G.      Restitution Payments

In his seventh and final habeas claim, defendant complains that counsel failed to request financial judgment payment stipulations, leaving him afraid to use his commissary account for fear that monetary gifts from his family for buying hygiene would be confiscated to pay restitution.

Again, defendant's allegations do not challenge the constitutionality of his conviction or sentence, and no viable claim for relief under section 2255 is presented. Defendant fails to raise a viable habeas claim or establish deficient performance and prejudice under *Strickland*, and his seventh habeas claim is **DISMISSED**.

## IV.  CONCLUSION

For the above reasons, defendant's habeas claims are **DISMISSED WITH PREJUDICE** and the motion to vacate, set aside, or correct sentence (Docket Entry No. 44) is **DENIED**.  A certificate of appealability is **DENIED**.  The related civil action in C.A. No. 4:23-cv-4383 (S.D. Tex.) is **ORDERED CLOSED**.

Signed at Houston, Texas, on this the 5ᵗʰ day of December, 2023.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE